[Civ. No. 9341.  Fourth Dist., Div. One.  July 22, 1969.]

CHARLES DUNBAR et al., Plaintiffs and Appellants, v. GOVERNING BOARD OF THE GROSSMONT JUNIOR COLLEGE DISTRICT, Defendant and Respondent.

Peter Clarke, A. L. Wirin, Fred Okrand and Laurence R. Sperber for Plaintiffs and Appellants.

Bertram McLees, Jr., County Counsel, and Lloyd M. Harmon, Jr., Deputy County Counsel, for Defendant and Respondent.

BROWN (Gerald), P. J.—The Governing Board of the Grossmont Junior College District and a Grossmont College student organization, The Open Forum, engendered this dispute when The Open Forum arranged a debate on the subject of Vietnam between a member of the Communist Party of the United States of America and a member of the John Birch Society, to be presented on campus to its membership; the Board refused to permit the communist to speak. A student leader of The Open Forum, Charles Dunbar, its faculty advisor, John Feare, and others who are either members of the Grossmont College faculty or who reside in its school district petitioned the San Diego Superior Court for a writ of mandamus to compel the Board to permit the communist to speak.

The court sustained the Board's general demurrer to the petition without leave to amend and dismissed the action.

Well established rules of review require us to accept as true every well-pleaded fact alleged in the petition on this appeal by petitioners from the judgment of dismissal.

The Board is empowered by law to govern Grossmont College and is responsible for its educational program. (Ed. Code, § 25515.5.) Classes are scheduled at the college between the hours of 8 a.m. and 10 p.m. except between the hours of 11 a.m. and 12 noon on Mondays, Wednesdays and Fridays. The policy of the Board regarding controversial issues and guest speakers is set forth in what appears to be a resolution or rule enacted by the Board in 1964: "On the subject of controversial issues of any nature, as well as those of partisan politics, the Board believes that college policy should recognize the need for presentations by guest lecturers, political personalities, forums, assembly programs, etc., dealing with controversial topics of significant interest and concern so long as reasonable effort is made to make clear the conflicting viewpoints in an equitable manner."

Procedures for implementing the College's speaker's policy were enacted by the Grossmont College Executive Council and approved by the Board in 1966. The procedures adopted require: "All campus speakers must be presented under the auspices of the administration by a department of the college, an official college committee, or a chartered campus club with a full-time faculty sponsor." Further regulations establish the procedures for requesting facilities, review when a Board member questions the suitability of a speaker or event and place responsibility on the sponsoring agents to see the speakers' policy is carried out.

The Open Forum is an organization designed to promote conversations on campus on "concise issues of our times." Membership is limited to students registered at Grossmont College who may become members after attending two consecutive weekly club meetings, but shall lose membership on failing to attend two consecutive weekly meetings. Regular meetings are at 11 a.m. each Monday. Special meetings may be called by notifying all members by telephone.

The Open Forum, through its co-moderator, student Charles Dunbar, and faculty sponsor, John Feare, made timely and regular application for campus facilities in which to present its debate on Vietnam between the John Birchite and the Communist Party member. The sole reason the Board rejected the communist speaker was because he was a member of

Communist Party of the United States of America.

The trial court rested its ruling leading to the dismissal of the petition upon the Board's responsibility for, and control of, the educational program at Grossmont College, stating: ". . . The responsibility of the school program in this instance is upon the [Board], . . . the action of [the Board], wise or not, is within its authority and . . . the court has no right to interfere or substitute its judgment."

The decision in this case is dictated by the decisions of the Supreme Courts of the United States and California which we must follow. ■ The Board has the right to determine, control and direct the educational program offered at Grossmont College during regular school hours. That right, however, is subject to constitutional limitations. *Tinker* v. *Des Moines Independent Community School Dist.*, 393 U.S. 503, 506 [21 L.Ed.2d 731, 737, 89 S.Ct. 733, 736], states: "First Amendment rights, *applied in light of the special characteristics of the school environment,* are available to teachers and students. It can hardly be argued that either students or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." [Italics added.]

Because First Amendment rights are involved, we are not permitted to indulge the usual deference by courts to the wisdom and judgment of administrators acting in a quasi legislative capacity. (*Los Angeles Teachers Union, Local 1021, A.F.T.* v. *Los Angeles City Board of Education,* 71 Cal.2d 551 [78 Cal.Rptr. 723, 455 P.2d 827].) Our review of the Board's action enforcing its regulations is subject to the same rule.

The question here is not whether the Board could close the campus to all guest speakers. The issue is the extent of the Board's control over who will, and will not, speak once it has invited, as part of its educational program, student groups to arrange discussions of controversial subjects by guest speakers. ■ Once the Board has opened a forum for the free expression of ideas, it may not exceed constitutional limitations in picking the ideas it wishes to be freely expressed. *Danskin* v. *San Diego Unified School Dist.*, 28 Cal.2d 536, 547 [171 P.2d 885], says: ". . . the state need not open the doors of a school building as a forum and may at any time choose to close them. Once it opens the doors, however, it cannot demand tickets of admission in the form of convictions and affiliations that it deems acceptable."

■ Here the Board created a forum by adopting a speakers' policy for presentation of controversial issues, inviting student groups and others to present speakers, setting aside three one-hour periods a week when classes would not be scheduled and setting up procedures for requesting facilities for arranged discussions.

Undoubtedly the Board has a broader discretion in controlling the speakers and the content of their speeches in a forum set up as part of the school's educational program than it would have had the forum been open to the public. This is so because First Amendment rights must be applied "in light of the special characteristics of the school environment." (*Tinker* v. *Des Moines Independent Community School Dist., supra*, 393 U.S. 503, 506 [21 L.Ed.2d 731, 737, 89 S.Ct. 733, 736].) We can envisage the school authorities acting within their discretion by rejecting a speaker because the subject matter to be discussed is trivial or the speaker lacks expertise, intelligence or other qualification which would materially bear on his ability to make a contribution to the educational program. In *Tinker* the Supreme Court states: "In order for the State in the person of school officials to justify prohibition of a particular expression of opinion, it must be able to show that its action was caused by something more than a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint. Certainly where there is no finding and no showing that the exercise of the forbidden right would 'materially and substantially interfere with the requirements of appropriate discipline in the operation of the school,' the prohibition cannot be sustained." (21 L.Ed.2d at p. 739, 89 S.Ct. at p. 738.)

The extent to which the Board may control speech on the campus once it has created a forum for guest speakers as a part of its educational program will depend upon the varying circumstances of each instance. (*Los Angeles Teachers Union, Local 1021, A.F.T.* v. *Los Angeles City Board of Education, supra*, 71 Cal.2d 551 [78 Cal.Rptr. 723, 455 P.2d 827].) Its discretion, however, does not extend to unbridled censorship. We find no case where a speaker's membership in any organization, standing alone, is held sufficient cause to forbid his speaking in an open forum, whether the openness of the forum be subject to limitations stemming from the special characteristics of a school environment or not.

The petition sufficiently alleges facts from which the court could find the Board acted in excess of its discretion by restricting free speech beyond that allowable under the First

Amendment when applied in light of the special characteristics of the school environment. Whether it abused its discretion in fact will depend upon pleading by the Board and proofs at the trial.

Petitioners' second cause of action alleges the Board's rejection of the communist speaker was an arbitrary and unreasonable denial of petitioners' right to use Grossmont College facilities under the California Civic Center Act (Ed. Code, § 16551, et seq.). That Act does not apply to a student use of school facilities during school hours. Education Code, sections 16552 and 16557 provide any use of school facilities under the Act shall not interfere with uses for school purposes or the regular conduct of school work. Because we conclude the weekly three one-hour free periods are set aside for student activities and are part of the conduct of school work, the Civic Center Act is not applicable.

Of the petitioners, only Charles Dunbar, student co-moderator of The Open Forum and John Feare, its faculty advisor have standing to petition for mandate. The remaining petitioners are not members of The Open Forum. The fact they are either members of the faculty at Grossmont College or residents of the College district and intend to attend the debate is not sufficient nexus to give them standing as aggrieved parties (Code Civ. Proc., § 1086).

Membership in The Open Forum is limited to students registered at the College. Petitioners contend an audience has a First Amendment right to compel the Board to allow a speaker to appear at the debate. The petitioners other than Dunbar and Feare do not have an enforceable right to attend the forum as an audience. Their standing to petition must be determined by their beneficial interest in the controversy. (Code Civ. Proc., § 1086.) Depriving one of his "right" to eavesdrop or overhear does not make him an aggrieved party.

The judgment is affirmed as to all petitioners except Charles Dunbar and John Feare. The judgment is affirmed as to all parties on the second cause of action. The judgment is reversed as to Charles Dunbar and John Feare on the first and third causes of action.

Coughlin, J., and Ault, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 17, 1969. Peters, J., was of the opinion that the petition should be granted.

*Assigned by the Chairman of the Judicial Council.